```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
   ROBERT BLACK,
     For L.B. (a minor),           1:19-cv-16381-NLH

                      Plaintiff,   OPINION

   v.

   COMMISSIONER OF SOCIAL
   SECURITY,
                      Defendant.
```

**APPEARANCES:**

JENNIFER L. STONAGE
RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
725 KENILWORTH AVE
CHERRY HILL, NJ 08002

   *On behalf of Plaintiff*

STUART WEISS
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET, 6TH FLOOR
PHILADELPHIA, PA 19123

   *On behalf of Defendant*

**HILLMAN**, District Judge

   This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of L.B., Plaintiff's minor son, for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  42 U.S.C. § 401, et seq.  The issue

before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that L.B. was not disabled as of July 2006.  For the reasons stated below, this Court will affirm that decision.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On April 15, 2015, Plaintiff, Robert Black, filed an application for child SSI benefits for his minor son, L.B., who was born in 2006.  Plaintiff claims that L.B. became disabled in July 2006[1] because of autism, physical sensory impairments, and speech impairments.

After Plaintiff's claim was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ.  On May 23, 2018, an ALJ held a hearing where L.B. and Plaintiff testified.  The ALJ issued a decision on July 23, 2018, finding that L.B. was not disabled.  The Appeals Council denied the Request for Review of the ALJ decision on June 3, 2019, thus making the ALJ's decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

II.  **DISCUSSION**

   **A.   Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial

---

[1] Because L.B.'s alleged disability onset date is his date of birth, the Court only refers to the month and year.  See L. Civ. R. 5.2(17).

2

review of the Commissioner's decision to deny a complainant's application for social security benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94

4

F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.   Standard for a Child's Claim for SSI**

The Federal Supplemental Security Income program provides benefits to disabled individuals who meet certain statutory income and resource limitations.  42 U.S.C. § 1381.  The statute provides that a child under 18

> shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner's regulations require a three-step analysis to determine whether a child is disabled: (1) that the child is not working; (2) that the child had a "severe" impairment or combination of impairments; and (3) that the impairment, or combination of impairments, was of Listing-level

5

severity, meaning the impairment or impairments met, medically equaled or functionally equaled the severity of an impairment in the Listings.  20 C.F.R. § 416.924(a).

The regulations provide that functional equivalence to the severity of an impairment in the Listings may be determined based on domains of functioning.  20 C.F.R. § 416.926a.  A medically determinable impairment or combination of impairments functionally equals a listed impairment if it "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain."  Id. § 416.926a(a).

A child's functional limitations are considered in terms of six domains: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being."  Id. § 416.926a(b)(1).  A limitation is "marked" when it "interferes seriously with your ability to independently initiate, sustain, or complete activities" and marked means "more than moderate but less than extreme."  Id. § 416.926a(e)(2)(i).

C. **Analysis**

In this case, the ALJ found at step one that L.B. was not working.  At step two, the ALJ found that L.B. had the severe impairments of autism and speech and language impairments.  At

6

step three, the ALJ found that L.B.'s impairments were not of Listing-level severity. Specifically, the ALJ found the following with respect to the six domains:

(1) Acquiring and using information - less than marked limitation;

(2) Attending and completing tasks - less than marked limitation;

(3) Interacting and relating with others - marked limitation;

(4) Moving about and manipulating objects - no limitation;

(5) Caring for yourself - less than marked limitation; and

(6) Health and physical well-being - no limitation.

Because the ALJ did not find that L.B. had marked limitations in two domains, the ALJ concluded that L.B. was not disabled.

Plaintiff presents two arguments on appeal. First, Plaintiff argues that the ALJ erred by concluding without explanation that L.B. did not meet Listing 112.10, Autism Spectrum Disorder. Second, Plaintiff argues that the ALJ erred in his determination that L.B. suffered from a less than marked limitation in the first two domains: acquiring and using information, and attending and completing tasks. This Court does not agree.

For Plaintiff's first argument, to assess whether a child

7

meets Listing 112.10, the ALJ must find that the child has one extreme limitation or two marked limitations in four domains: Understand, remember, or apply information; Interact with others; Concentrate, persist, or maintain pace; or Adapt or manage oneself. 20 C.F.R. Pt. 405, Subpt. P. Appx. 1, §§ 112.10. Plaintiff is correct that the ALJ stated that L.B. did not meet Listing 112.10 without further explanation in the section of the ALJ's decision concerning whether L.B. had an impairment that meets a listed impairment.[2] (R. at 15-16.) In the sixteen pages that follow, however, the ALJ thoroughly detailed the record evidence and Plaintiff's and L.B.'s testimony, and fully explained through citation to the evidence and testimony his findings for all six domains, which encompassed the four domains specific to Listing 112.10.

The organization of an ALJ's decision is not a reason to find error; rather, the inquiry is whether the ALJ's decision as

---

[2] In this section, the ALJ found: "In order to meet Listing 112.10 Autism spectrum disorder for children age 3 to attainment of age 18), the individual must have medical documentation of both of the following: 1) Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and 2) Significantly restricted, repetitive patterns of behavior, interests, or activities; and have an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: Understand, remember, or apply information; Interact with others; Concentrate, persist, or maintain pace[;] or Adapt or manage oneself. The claimant's impairment does not meet this criteria." (R. at 15-16.)

a whole is supported by substantial evidence.  See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (explaining that an ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis," and instead the focus is on whether "there is sufficient development of the record and explanation of findings to permit meaningful review," and finding, "[i]n this case, the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion that Jones did not meet the requirements for any listing").

Thus, Plaintiff's first argument is subsumed in his second, which is that the ALJ erred in his substantive assessment of the six domains of functioning.  Plaintiff specifically challenges the ALJ's determination of the domains of acquiring and using information, and attending and completing tasks.[3]  Plaintiff

---

[3] Other than arguing that the ALJ erred in his determination that L.B. did not meet Listing 112.10 because it was conclusory, Plaintiff does not directly challenge the four domains for that listing.  Although the domains of Listing 112.10 are described in somewhat different language, those areas of functioning are captured by the general six domains.  In addition to the analysis of the two general domains challenged by Plaintiff, the Court's independent review of the ALJ's decision relative to the domains for Listing 112.10 shows that the ALJ properly supported his determination that L.B. did not exhibit one extreme or two marked limitations in the domains for Listing 112.10.  See Rafine v. Commissioner of Social Security, 2020 WL 3073829, at *6 (D.N.J. 2020) (citing Desorte v. Commissioner of Social Security, 2019 WL 1238827, at *6 (D.N.J. 2019) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984)) ("This Court must

9

argues that the ALJ found less than marked limitations in these domains, but there is "voluminous evidence" and "a multitude of examples" showing otherwise. The Court finds that Plaintiff's arguments present his disagreement with how the ALJ assessed that evidence rather than showing how the ALJ failed to support his findings in these areas with substantial evidence.

For the domain of acquiring and using information, the ALJ explained some examples of difficulties children could have in acquiring and using information: (i) does not understand words about space, size, or time (e.g., in/under, big/little, morning/night); (ii) cannot rhyme words or the sounds in words; (iii) has difficulty recalling important things learned in school yesterday; (iv) does not use language appropriate for age; (v) is not developing "readiness skills" the same as peers (e.g., learning to count, reciting ABCs, scribbling); (vi) has difficulty comprehending written or oral directions; (vii) struggles with following simple instructions; (viii) has difficulty solving mathematics questions or computing arithmetic answers; or (ix) talks only in short, simple sentences, and has difficulty explaining what he means. (R. at 26.)

---

review the evidence in its totality, and take into account whatever in the record fairly detracts from its weight. Plaintiff has not provided the Court with specific evidence that detracts from the ALJ's RFC assessment, which the Court finds on its independent review to be reasonable and substantially supported.").

The ALJ noted that L.B. had some problems with verbal issues and communication, but (1) on the Wechsler Individual Achievement Test - 3rd edition, L.B.'s scores in reading comprehension, writing fluency, spelling, and math fluency were in the average to above average range; (2) L.B. achieved a Full Scale IQ score of 93 (Average); (3) the evidence shows that L.B. is very bright, and he retains significant amounts of useful information; (4) L.B. demonstrated no difficulty following directives; (5) L.B. understands instructions and he can recall procedures from day to day; (6) L.B.'s father conceded that L.B. is "a smart kid" and L.B.'s responses to the ALJ's questions were very direct and precise, where "[a]t points in Mr. Black's testimony, [L.B.] actually corrected him factually, and Mr. Black remarked in words to the effect of 'that['s] what he does, if I'm wrong, he'll catch it.'"  (R. at 26.)

Plaintiff points to a few examples where it was reported L.B. had some difficulties in this domain.  The ALJ recognized these difficulties, however, and he did not conclude that L.B. had "no impairment" in this area.  The evidence Plaintiff presents does not undermine the evidence the ALJ's cites to support his finding that L.B. had more than a moderate limitation, but less than marked limitation in the domain of acquiring and using information.

The same analysis applies to Plaintiff's argument about the

11

second domain of attending and completing tasks.  The ALJ provided some examples of difficulties a child could have in attending and completing tasks: (i) is easily startled, distracted, or over-reactive to everyday sounds, sights, movements, or touch; (ii) is slow to focus on, or fails to complete, activities of interest (e.g., games or art projects); (iii) repeatedly becomes side-tracked from activities or frequently interrupts others; (iv) is easily frustrated and gives up on tasks, including ones he is capable of completing; (v) requires extra supervision to remain engaged in an activity; or (vi) cannot plan, manage time, or organize self in order to complete assignments or chores.  (R. at 27.)

The ALJ found that even though L.B. had some issues with remaining on task, he was easily redirected, he completed assignments in a timely manner, and he benefited from frequent monitoring and positive reinforcement.  (Id.)

Plaintiff presents several sporadic references to evidence to support his contention L.B. has a marked limitation in the domain of attending and completing tasks.  First, Plaintiff cites to L.B.'s IEP for the 2018-2019 school year, which found that he should remain in a self-contained class for all areas except PE/Health.[4]  Plaintiff does not explain how L.B. attending

---

[4] "An IEP consists of a specific statement of a student's present abilities, goals for improvement of the student's abilities,

12

school in a self-contained class, by itself, demonstrates a marked limitation attending and completing tasks.  See 20 C.F.R. § 416.926a(e)(2)(i) (a limitation is "marked" when it "interferes seriously with your ability to independently initiate, sustain, or complete activities").  To the contrary, in L.B.'s IEP for 2018-2019, his teacher opined that he should remain in the self-contained behavioral classroom for all academic areas due to his positive progress and success with small settings.  (R. at 488.)

Plaintiff points to other evidence which he contends shows L.B. had a marked limitation in attending and completing tasks.  That evidence, however, are snapshots from evaluations from 2014 through 2017, and they are accounted for in the ALJ's determination that L.B. has a less-than-marked limitation in this domain rather than no limitation at all.  None of the evidence cited by Plaintiff directly contradicts the ALJ's finding that L.B. was easily redirected, he completed

---

services designed to meet those goals, and a timetable for reaching the goals by way of the services.  A team consisting of the student's parents and teachers, a curriculum specialist from the local school district, and, if requested, a person with special knowledge or expertise regarding the student must develop an IEP.  The IEP team will review the IEP at least annually to determine whether the stated goals for the student are being achieved.  When appropriate the team will revise the IEP to address, among other things, lack of progress, necessary changes arising from reevaluation of the child, and parental input."  D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 557 (3d Cir. 2010) (quotations and citations omitted).

assignments in a timely manner, and he benefited from frequent monitoring and positive reinforcement.

Overall, the Court finds that Plaintiff disagrees with the ALJ's findings, but Plaintiff's disagreement with the ALJ's findings does not compel the conclusion that the ALJ's determinations were not supported by substantial evidence. See, e.g., Perkins v. Barnhart, 79 F. App'x 512, 514–15 (3d Cir. 2003) ("Perkins's argument here amounts to no more than a disagreement with the ALJ's decision, which is soundly supported by substantial evidence."); Moody v. Commissioner of Social Security Administration, 2016 WL 7424117, at *8 (D.N.J. 2016) ("[M]ere disagreement with the weight the ALJ placed on the opinion is not enough for remand."); Grille v. Colvin, 2016 WL 6246775, at *8 (D.N.J. 2016) ("Distilled to its essence, Plaintiff's argument here amounts to nothing more than a mere disagreement with the ALJ's ultimate decision, which is insufficient to overturn that decision."). Consequently, the Court finds that the ALJ did not err in his consideration of Listing 112.10 or the six domains of functioning.

### III. Conclusion

This Court may not second guess the ALJ's conclusions, but may only determine whether substantial evidence supports the ALJ's determinations. Hartzell v. Astrue, 741 F. Supp. 2d 645, 647 (D.N.J. 2010) (citing Williams v. Sullivan, 970 F.2d 1178,

14

1182 (3d Cir. 1992)).  The Court finds that the ALJ's determination that Plaintiff was not totally disabled as of July 2006 is supported by substantial evidence.  The decision of the ALJ will therefore be affirmed.

    An accompanying Order will be issued.


Date: July 27, 2020                  s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

15